is summarily remanded to the trial court for resentencing in light of *State v. Natale,* 184 *N.J.* 458, 878 *A.*2d 724 (2005).

---

899 A.2d 300

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
HENRY R. MAREK, DEFENDANT–PETITIONER.

May 11, 2006.

ORDERED that the petition for certification is granted, and the matter is summarily remanded to the trial court for a new trial in light of *State v. Cummings* 184 *N.J.* 84, 875 *A.*2d 906 (2005).

---

899 A.2d 300

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ANTHONY MCCALL, DEFENDANT–PETITIONER.

May 25, 2006.

ORDERED that the petition for certification is granted, limited solely to the sentencing issue raised by defendant, and the matter is summarily remanded to the trial court for resentencing in light of *State v. Natale,* 184 *N.J.* 458, 878 *A.*2d 724 (2005).

---

899 A.2d 300

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
JEMEL F. POWELL, DEFENDANT–PETITIONER.

May 25, 2006.

ORDERED that the petition for certification is granted, limited solely to the sentencing issue raised by defendant, and the matter

is summarily remanded to the trial court for resentencing in light of *State v. Natale,* 184 *N.J.* 458, 878 *A.*2d 724 (2005).

---

899 A.2d 300

KIKIS A. KYRIACOU AND JUDITH KYRIACOU, PLAINTIFFS–PE-TITIONERS, v. JAMES LAVIN AND JEANNE LAVIN, HOLM-DEL TOWNSHIP ZONING BOARD OF ADJUSTMENT, AND MICHAEL T. HARMYK AND BARBARA HARMYK, DEFEN-DANTS–RESPONDENTS.

May 30, 2006.

It is ORDERED that the petition for certification is granted, the judgment of the Appellate Division is modified, and the matter is summarily remanded to the trial court.

---

899 A.2d 301

NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, PLAINTIFF–RESPONDENT, v. A.J., DEFENDANT–PETITIONER.

---

IN THE MATTER OF THE GUARDIANSHIP OF A.J. & M.J., MINORS.

May 31, 2006.

It is ORDERED that the petition for certification is granted, and the matter is summarily remanded to the Superior Court, Chancery Division, Family Part, Monmouth County, for reconsideration of the decision to terminate A.J.'s parental rights.